When the case was called for trial, the counsel for the State moved the court that the witnesses for the defendant should (592) *Page 444 
leave the court room, and the motion was allowed. Accordingly, the witnesses were sworn and sent out of the court room. The counsel for the defendant informed the court that there were two witnesses for the defence who were not present, but were within the call of the court, and would be sent for and examined by the defendant. During the trial, Charles Lane, one of these witnesses, was called, and when put upon the stand, was asked by the court if he had not been standing in the court room. He replied that he had, and that he did not hear the testimony of the proceeding witness, during whose examination he came in. The counsel for the defence insisted on examining the witness, but the court ordered him to stand aside. The defendant excepted.
Robert Crossan, the prosecutor, was asked by the prosecuting attorney if he had not been specially deputized as a policeman in the city of Raleigh, to watch defendant's neighborhood and house, as being a general resort for thieves and dissipated character? The defendant objected to the question as an attack upon his character, and as not being competent evidence to prove a motive, unless it were shown that the defendant knew the prosecutor had been so specially deputized. There was no evidence that the defendant had any such knowledge, but the prosecuting attorney commented upon this evidence in his argument as evidence of a motive, and of a bad character. The question was allowed to be asked by the court, and the defendant excepted.
There was a verdict of guilty, and the defendant moved for a new trial. The motion was overruled and the defendant moved in arrest of judgment. Motion overruled and judgment pronounced. Defendant appealed.
It was error to allow the State to offer evidence tending to show that the "defendant's house was a general resort for thieves." The State cannot put the defendant's character in issue.
2. It was also error to refuse to allow the defendant to examine a witness who was not present when the other witnesses were sworn and sent out, and who came in during the trial, but had not heard the examination of the other witnesses.
There is error. This will be certified.
PER CURIAM. Venire de novo.
Cited: S. v. Hodge, 142 N.C. 691. *Page 445